## IN THE MATTER OF THAYER STREET.

An owner of two parcels of land, respecting both of which separate estimates have been reported of the loss and damage over and above the benefits received by the opening of a street, by commissioners appointed under the act of the General Assembly, "in relation to the laying out, enlarging, straightening, or otherwise altering streets in the City of Providence," passed January session, 1854, if satisfied as to one parcel, and dissatisfied as to the other, need embrace only the latter parcel in an application for a jury trial.

If he embraces both in his application, he may, if he desires, have leave to discontinue by amendment, as to the parcel in regard to which he does not see fit to persist.

It is no sufficient reason for the court to refuse such leave, that the City of Providence has lost its opportunity, by lapse of time, to make application for a jury trial in respect of the parcel of land as to which the applicant desires to discontinue, inasmuch as it was not precluded from so doing by the action of the applicant.

*Semble.* That any unfair practice on the part of the applicant inducing the City not to apply for a jury trial, would be sufficient ground for refusing to allow such an amendment.

UPON the coming in of the report of the commissioners appointed by the court, under the act passed at the January session of the General Assembly, 1854, entitled "An Act in relation to the laying out, enlarging, straightening, or otherwise altering streets in the city of Providence," to estimate the damages suffered, and assess the benefits received by proprietors, from the extension of Thayer street; John Carter Brown, who owned two parcels of land lying adjacent to the street, and as to which the commissioners had reported separate estimates for loss and damage over benefits received, filed an application for a jury trial in respect of both estimates, in accordance with the provisions of section tenth of the act, which is as follows:*—

"Sec. 10. Either party who shall be dissatisfied with the report of said commissioners, shall be entitled to a hearing before said court, upon his objections thereto, and upon written appli-

---

* The entire Act may be found in the report of the case entitled "*In the Matter of Dorrance Street,*" 4 R. I. 230, as well as in the Schedules of the General Assembly for the January Session, 1854.

cation to said court within twenty days after the notice shall have been given by order of court to the parties interested as provided in the third section of this act, for a jury to hear and determine the amount of loss and damage, benefit and advantage, apportionment and assessment, as aforesaid, which said application shall be heard and tried by a jury under the direction of the court; and if the party making such application fail to obtain a diminution of the amount of the benefit and advantage, or apportionment and assessment, or an increase of the loss and damage, as the case may be, such party shall be liable for all costs arising after the entry of such application for a jury, and said court shall enter judgment, and issue execution accordingly; and if the city of Providence apply for a jury and fail to obtain a diminution of the loss and damage, or an increase of the benefit and advantage, or apportionment and assessment, as aforesaid, it shall in like manner be liable for costs, and said court may enter judgment and issue execution for such costs."

The petitioner now moved for leave to amend his application for a jury trial so as to ask for it only in respect of one parcel of land, and abide by the decision of the commissioners in the case of the other. This motion was opposed by the City of Providence, for reasons which are sufficiently stated in the opinion of the court.

*T. C. Greene, in support of the motion.*

*Clarke and Parkhurst, for the City of Providence, contra.*

DURFEE, J. This is a motion for leave to amend an application for a jury trial, in regard to certain assessments reported by the commissioners of estimate and assessment in the matter of the lay-out and widening of Thayer street. The applicant is the owner of two parcels of land situated on or near the street, as to which the commissioners have reported separate estimates for loss and damage above benefits received. The owner, being dissatisfied with the report, filed an application for a jury trial, in language sufficiently general to embrace both estimates. He now moves for leave to amend the application, so as to discontinue as to one, proceeding as to the other. The motion is

resisted on behalf of the City of Providence, on the ground that the report, as to each person entitled to make the application, is in the nature of a single judgment, which the application opens for revision by the jury. We find however, on looking into the Statute, that the commissioners are required, not only to report the names of all persons affected in their property by the report, but also " an apt and sufficient designation and description of the respective lots or parcels of land and tenements, hereditaments and premises aforesaid, with the loss and damage, benefit and advantage, to each as aforesaid." This implies that each separate parcel of land is a subject for separate assessment, or estimate for compensation. This being the case, we are of the opinion, that an owner who is satisfied as to one parcel and dissatisfied as to another, need not embrace more than the latter parcel in his application for jury trial, or, if he does embrace both, that he should, if he desires, have leave to discontinue by amendment as to the parcel in regard to which he does not see fit to persist.

The motion is also resisted on the ground, that the city has lost its opportunity, by lapse of time, to make application for jury trial in the matter of the parcel of land as to which the applicant desires to discontinue, as it it might have been done but for this application.

But the city was not precluded from so doing by this application, nor does it appear that it was induced not to do so, by any unfair practice on the part of the applicant, and therefor we think his request ought not to be prejudiced by the omission.

*Leave to amend the application is allowed.*